# FARNEY DANIELS PC

| | | |
|---|---|---|
| *Austin/Georgetown* | 98 Rockwell Place, 2nd Floor<br>Brooklyn, New York 11217<br>718-362-1727 | *Minneapolis* |
| *Silicon Valley* | | *New York* |

www.farneydaniels.com

September 23, 2015

Via electronic filing

Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court for the
      Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Cephalon, Inc. v. Nang Kuang Pharma. Co. Ltd., et al.,</u>
               <u>Case No. 14-cv-5180-KAM-RER</u>

Dear Judge Reyes,

We represent defendants Nang Kuang Pharma. Co. Ltd. and CANDA NK-1, LLC in the above-referenced action. We write to advise the Court of the prejudicial delay caused by Plaintiff's refusal to produce its expert reports submitted in the related Delaware litigation. While we are reluctant to involve the Court, given Plaintiff's stated unwillingness to go forward at this time with production of these relevant and responsive documents, Defendants have no other choice but to enlist the Court's assistance.

The parties agreed earlier this year upon the production of Cephalon's Delaware expert reports because they are relevant and responsive to Defendants' document requests in this case. In fact, Plaintiff does not dispute that these reports are relevant and responsive. Defendants are entitled to know the positions taken by Cephalon regarding the same patents at issue in the instant case as those in the Delaware case. However, for several months, Plaintiff has refused production. Finally last week, Cephalon indicated its refusal to produce the prior expert reports until a time *after* the parties have exchanged opening reports, and only if *Plaintiff* deems them relevant. (*See* Exh. A, September 4, 2015 email from C. Wingfield to J. Lu).[1]

Plaintiff's stated excuse for its proposed belated production is its incorrect belief that Defendants only wish production of the expert reports to confirm Cephalon's experts' theories and opinions in this case are consistent with those in the Delaware case. This is entirely incorrect, and Defendants strenuously object to Plaintiff's attempt to shut down discovery of this clearly

---

[1] All Exhibits referenced herein are appended to the Declaration of Aya Cieslak-Tochigi ("Cieslak-Tochigi Decl.") accompanying this letter.

September 23, 2015
Page 2

relevant and responsive information until some later time of their liking. (*See* Exh. B, September 4, 2015 email from M. Siem to C. Wingfield).  (*Waters v. Earthlink*, No. 01-11887-REK, 2004 WL 6000237, at *3 (D. Mass. Dec. 1, 2004) ("Since this testimony relates to a case involving similar claims and facts to the case at bar, it meets the low relevance standard.")).

Defendants believe that judicial economy would be served by an order for the immediate production of these expert reports.  (*Fort Worth Emps. Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 110 (S.D.N.Y. December 16, 2013) ("As for timing, the defendants must provide these documents now, not at the end of discovery. … [Plaintiffs] are merely asking for what Rule 26 requires: that the defendants meet their ongoing obligation to produce documents that serve as a basis for the defenses they have asserted … The defendants must produce such documents forthwith.")).

Further delay would be prejudicial to Defendants' case, wasting both the time and resources of the parties and the Court.  Defendants would likely need to amend and resubmit their expert reports based on the positions Plaintiff's experts have already taken.  Indeed, Defendants may choose to produce these documents after depositions of the experts have occurred, prolonging those depositions and perhaps leading to additional examinations. (*In re Am. Med. Sys.*, 2012 U.S. Dist. LEXIS 93404 at *149 (S.D.W.Va. July 5, 2012)  ("[I]f the [prior] depositions are not produced now, the MDL depositions will be unreasonably prolonged as the plaintiffs' counsel attempt to elicit testimony from AMS's witnesses as to what their prior testimony was and how it is different now.")).

The requested expert reports are the foundation for the depositions of those experts and should be produced at once. (*Peterson v. Wright Med. Tech., Inc.*, 2013 U.S. Dist. LEXIS 23883 at *16 (C.D. Ill. February 21, 2013), compelling production of expert reports because, "the 'cloned' discovery seeks information that is relevant to plaintiff's claims and defendants' defenses and that it is reasonably calculated to lead to the discovery of admissible evidence.")

Defendants respectfully request that the Court convene at its earliest convenience to address this issue.

                    Best regards,

                    /s/ Michael A. Siem
                    Michael A. Siem